F I L E D
United States Court of Appeals
Tenth Circuit

JAN 22 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT ROMERO; ROSE BAUER,

Plaintiffs-Appellants,

v.

BOULDER COUNTY DA'S OFFICE;
BRYAN QUIRAM, D. D.A.,

Defendants-Appellees.

No. 03-1382

(D.C. No. 03-Z-1163)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Plaintiffs Robert Romero and Rose Bauer, proceeding pro se, appeal the district

court's grant of summary judgment in favor of defendants Bryan Quiram and the Boulder

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

County District Attorney's Office. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

The relevant facts are undisputed. In September 1994, Romero was convicted of two counts of sexual assault on a child and one count of sexual assault on a child with a pattern of abuse. His conviction was affirmed on direct appeal. Romero filed a motion to vacate and set aside judgment and for new trial pursuant to Colorado Rule of Criminal Procedure 35(c), claiming ineffective assistance of trial counsel. The state trial court vacated his conviction and granted a new trial on November 22, 2000. Quiram, the district attorney in the case, appealed the ruling and the Colorado Court of Appeals denied the appeal. The new trial was set for November 11, 2002. On November 7, 2002, Quiram filed a motion to dismiss because the victim could not be located and was no longer available, and the motion was granted.

Plaintiffs filed this action in federal court pursuant to Colo. Rev. Stat. § 18-8-804,[1] alleging defendants violated Romero's due process rights when Quiram failed to notify the courts of new evidence (a notarized recantation by the victim) in Romero's state criminal proceeding following sentencing, and that Bauer and other family members

---

[1] Colo. Rev. Stat. § 18-8-804 states: "Each public entity which employs any peace officer shall adopt policies or guidelines concerning the use of force by peace officers which shall be complied with by peace officers in carrying out the duties of such officers within the jurisdiction of the public entity."

suffered mental anguish, pain, and suffering.  Plaintiffs alleged that Romero was unnecessarily incarcerated for ten months and sought monetary damages.  The district court treated the complaint as a claim pursuant to 42 U.S.C. § 1983.  The court determined that Quiram was immune from suit under § 1983 and that both defendants were entitled to Eleventh Amendment immunity from suit.

II.

Plaintiffs contend on appeal that Quiram failed to provide new evidence on a timely basis.  This allegation concerns an act that is "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution."  Snell v. Tunnell, 920 F. 2d 673, 686 (10th Cir. 1990) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  The Supreme Court has held that such acts, when executed in conjunction with a state prosecutor's initiation and pursuit of a criminal prosecution, are entitled to absolute immunity.  Imbler, 424 U.S. at 430.  Therefore, Quiram is immune from suit in his individual capacity.

Moreover, the action is barred by the Eleventh Amendment as it pertains to Quiram in his official capacity and the Boulder County District Attorney's Office.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).  The district attorney is a state officer under Colorado law.  See Colo. Rev. Stat. § 20-1-101; Tisdel v. Bd. County Comm'r, 621 P.2d 1357, 1361 (Colo. 1980).  "[A]bsent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such

3

immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 588 (10th Cir. 1994). See also Will, 491 U.S. at 70-71 (holding a state officer is considered a state office or agency under the Eleventh Amendment when sued in his official capacity). Here, the State of Colorado has not waived its Eleventh Amendment immunity and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 341 (1979).

AFFIRMED. Appellant's motion to proceed in forma pauperis is denied.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4